**UNDER SEAL**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
JAN 16 2019
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **UNDER SEAL** |
| v. ) | |
| ) | Case No. 1:19-mj-26 |
| ANDREW W. CHEVEERS, ) | |
| ) | |
| Defendant. ) | |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Lloyd Rawls, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND BACKGROUND**

1. I submit this affidavit in support of a criminal complaint and arrest warrant charging ANDREW W. CHEVEERS, a former Information Technology ("IT") contractor for the U.S. Department of State, who knowingly and willfully did embezzle, steal, purloin, or convert to his use or the use of another property belonging to the Office of the Inspector General of the U.S. Department of State, located within the Eastern District of Virginia, from in or about July 2016 through November 2016, both dates being approximate, to wit: several Microsoft Surface Pro tablet devices, each having a value in excess of $1,000, in violation of Title 18, United States Code, Section 641.

2. I have been employed as a Special Agent with the Office of the Inspector General of the U.S. Department of State ("State OIG") since October of 2008. As a State OIG Special Agent, I am responsible for investigating federal criminal violations, including violations of Title 18, United States Code, Section 641 (theft of public money, property or records), among others.

3. In April 2001, I graduated from the Federal Law Enforcement Training Center where I received training in how to conduct criminal and financial investigations and in federal

search and seizure procedures. I have since participated in complex criminal fraud investigations with agents from other federal law enforcement agencies, including the Federal Bureau of Investigtion, Defense Criminal Investigation Services, U.S. Department of State Diplomatic Security Service, and U.S. Agency for International Development OIG. During these investigations, I also participated in the execution of search warrants and arrest warrants related to a number of criminal violations.

4. The facts and information contained in this affidavit are based on my training and experience, personal knowledge, my observations during the course of this investigation, and the observations of other law enforcement personnel and witnesses involved in this investigation. Additionally, State OIG has obtained information pursuant to subpoenas and search warrants authorized by this Court. This affidavit is being submitted for the limited purpose of obtaining a criminal complaint and arrest warrant. As a result, it does not include each and every fact observed by me or known to the government. When I assert that a statement was made by an individual, that statement is described in substance and in part, but my assertion is not intended to constitute a verbatim recitation of the entire statement.

## RELEVANT STATUTORY PROVISIONS

5. Title 18, United States Code, Section 641, provides in relevant part that any individual who –

> [E]mbezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof . . .

Shall be fined under this title or imprisoned not more than ten years, or both, so long as "the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case" exceeds the sum of $1,000. The statute defines the word "value" as "face, par, or market value, or cost price, either wholesale or retail, whichever is greater."

## **PROBABLE CAUSE**

6. For the reasons set forth below, I submit that there is probable cause to believe that ANDREW W. CHEVEERS, a former IT contractor for the State Department, violated 18 U.S.C. § 641 by stealing several Microsoft Surface Pro tablet devices from the State Department, specifically State OIG. I submit that there is also probable cause to believe that ANDREW W. CHEVEERS violated 18 U.S.C. § 641 by selling the stolen Microsoft Surface Pro tablet devices through his use of telephone, email, Craigslist, PayPal, and eBay, accounts in order to profit from his fraudulent scheme.

7. In or about May 2016, State OIG purchased 440 Microsoft Surface Pro tablet devices (computers) with 512 GB solid-state drive (SSD) storage capacity, 16 GB RAM, and Windows 10 Enterprise compatibility, for $2,021 each (hereafter, the "State OIG Devices").

8. The newly acquired State OIG Devices were delivered to State OIG's office in Arlington, Virginia, which is located within the Eastern District of Virginia. In or about May 2016, State OIG's Information Technology Division ("OIG IT") began configuring the State OIG Devices prior to distributing them to State OIG employees. Contractors worked with OIG IT personnel on this task.

9. One of the contractors who assisted in configuring the State OIG Devices, ANDREW W. CHEVEERS ("CHEVEERS"), worked with OIG IT in Arlington, Virginia from on or about July 25, 2016 to on or about November 23, 2016. During his time working as a contractor

3

for the State Department, CHEVEERS held a security clearance that allowed him to access certain Sensitive But Unclassified information.

10. In or about February 2017, State OIG's Administration Office ("AO") conducted its annual inventory of State OIG property. The AO discovered that 16 of the 440 State OIG Devices, which State OIG had configured but not yet assigned to State personnel, were missing. After diligently searching its offices in Arlington, Virginia, State OIG opened an investigation into the suspected theft of the missing State OIG Devices.

11. On April 4, 2017, I interviewed the OIG IT Helpdesk Manager, who stated that he had contacted CHEVEERS and asked if he had any of the missing State OIG Devices because CHEVEERS no longer worked at State OIG. CHEVEERS said no.

12. Each State OIG Device has a unique serial number located beneath the kickstand, which State OIG previously recorded prior to configuration. OIG AO personnel also assigned each State OIG Device an OIG property number for inventory purposes, and affixed a sticker with the device's OIG property number on the back of each State OIG Device.

13. State OIG attempted to locate the missing State OIG Devices through their serial numbers. During the course of the investigation, State OIG issued a subpoena to Microsoft Corporation ("Microsoft"), the manufacturer of the Surface Pro devices at issue, to determine whether any of the missing State OIG Devices had been registered with Microsoft. In response, Microsoft identified two such registered devices with serial numbers belonging to missing State OIG Devices. Microsoft also provided the subscriber information collected during the registration of these devices.

14. According to Microsoft's business records, an individual identified as M.C. registered a State OIG Device bearing serial number 055031760553, and an individual identified

as K.G. registered a State OIG Device bearing serial number 054937760553. During registration, K.G. provided his name, email address, and state of residence, and M.C. provided an alias he has used elsewhere, email address, phone number, and address. Using this information, I contacted both individuals. M.C. and K.G. are not State Department employees or contractors, nor have they ever been.

15. On August 30, 2017, I interviewed M.C. via telephone. M.C. stated that between August 5, 2016 and August 26, 2016, he visited a friend in the Washington, D.C. area, and while he was there, he purchased 10 to 15 Microsoft Surface Pro computers through the Internet using Craigslist with prices ranging from $1,000 to $1,300 for each device. M.C. said that he paid cash for each of these devices. However, based on information obtained through search warrants, as discussed below, I believe this statement to be false. M.C. further stated that he communicated via text message with the Craigslist sellers using a Google Voice number, which business records obtained from Google show is associated with one of M.C.'s Google email addresses. M.C. noted that the specifications of the Microsoft Surface Pro devices were unusual, so there were likely few Craigslist posts advertising devices with these specifications during August of 2016.

16. Following the interview with M.C., State OIG issued a subpoena to Craigslist for August 2016 posts in the Washington, D.C. area advertising Microsoft Surface Pro devices for sale with specifications matching those of the State OIG Devices (*e.g.*, 512 GB SSD). Craigslist's response revealed a post that advertised Microsoft Surface Pro devices with specifications matching those of the missing State OIG Devices that was created on August 10, 2016 and renewed multiple times during the month of August. The post advertised a "New Microsoft Surface Pro 4 Core i5-16GB -512GB w/ extras." The author of that post used the email account drew0725@gmail.com as the "reply to" address for the post, or address where interested users

could contact the author. The author provided the telephone number (301) 379-9830 to authenticate his Craigslist user account. Business records obtained from Sprint Corporation ("Sprint") revealed that CHEVEERS is the subscriber of (301) 379-9830. Moreover, business records obtained from Google revealed that drew0725@gmail.com is registered to, and has been used by, CHEVEERS.

17. Business records obtained from Google also revealed multiple communications between CHEVEERS, using the telephone number (301) 379-9830, and M.C., using the telephone number M.C. provided to me during the August 30, 2017 interview. Below is a summary of such telephone calls, all of which occurred shortly after the above-described August 10, 2016 Craigslist post authored by CHEVEERS was published.

| Date of Call | Call Time/ Duration (sec.) | Call From | Call To |
|---|---|---|---|
| 8/16/16 | 23:55hrs/44 | M.C. | (301) 379-9830 CHEVEERS |
| 8/16/16 | 23:57hrs/194 | (301) 379-9830 CHEVEERS | M.C. |
| 8/22/16 | 18:36hrs/381 | (301) 379-9830 CHEVEERS | M.C. |

18. Additionally, business records obtained from Sprint revealed that beginning on or about August 16, 2016, CHEVEERS, using (301) 379-9830, exchanged hundreds of text messages with M.C., using the phone number that M.C. provided to me during the August 30, 2017 interview and a Google Voice number associated with one of M.C.'s other email addresses.

19. Search warrant returns for M.C.'s Google email and Google Voice accounts revealed numerous text message communications on August 16-17, 2016, August 22, 2016, and August 29-30, 2016 between M.C. and CHEVEERS. In these messages, CHEVEERS arranged to

sell multiple Microsoft Surface Pro devices to M.C., and in at least one instance, M.C. arranged to pay CHEVEERS electronically.

20. Specifically, during a text message exchange on August 16, 2016, M.C. agreed to purchase a "surface" from CHEVEERS and they arranged to meet at a coffee shop in College Park, Maryland. Based on my experience and knowledge of this investigation, I believe CHEVEERS sold a State OIG Device to M.C. during this meeting.

21. During a text message exchange on August 17, 2016, CHEVEERS and M.C. discussed meeting again, this time at the Ballston Metro Station in Arlington, Virginia. On that day, both individuals text messaged each other when they arrived at the location. Based on my experience and knowledge of this investigation, I believe that CHEVEERS sold M.C. another State OIG Device during this meeting.

22. During a text message exchange on August 22, 2016, M.C. asked CHEVEERS "You have another surface for sale?" M.C. further stated that he "need[ed] 1 more" and asked if CHEVEERS would sell at the same price. CHEVEERS responded, "I'm tryna get more for this one. Since it's the last one I'll have for a while." CHEVEERS subsequently text messaged the email address "acheveers@gmail.com" to M.C., who replied to CHEVEERS via text, "Also that email address is correct? Don't want the money going to the wrong person lol." CHEVEERS replied, "Yea man. It matches with my name too so you know I'm no fraud. Lol." Business records obtained from PayPal confirmed that M.C. paid CHEVEERS approximately $1,130 on August 22, 2016.

23. Additionally, documents obtained pursuant to search warrants authorized for CHEVEERS' email accounts and PayPal records indicate that M.C. made a number of additional payments to CHEVEERS in September, November, and December of 2016, as well as February

7

of 2017. Based on my experience and knowledge of this investigation, I believe that M.C. made these payments in exchange for additional State OIG Devices.

24. On September 26, 2016, M.C. paid CHEVEERS approximately $1,175 via PayPal. On November 18, 2016, M.C. sent CHEVEERS $1,100 using Square Cash, which is a mobile payment service. The payment was "for sp4, case, 2 pens, keyboard." Based on my review of M.C.'s other communications, I believe that "sp4" is short for "Surface Pro 4." On November 21, 2016, M.C. again sent CHEVEERS $1,100 using Square Cash. On November 22, 2016; November 23, 2016; December 22, 2016; and February 11, 2017, M.C. sent CHEVEERS $1,100 per transaction using Google Wallet, which is a peer-to-peer payment service that allows individuals to send and receive money from a mobile device or computer.

25. As described above, business records obtained from Microsoft revealed that an individual identified as K.G. registered a Microsoft Surface Pro bearing the serial number of a State OIG Device. On September 14, 2017, I interviewed K.G. via telephone. He stated that on or about November 26, 2016, he purchased his Microsoft Surface Pro from the username "surface_store" on eBay for $1,490. K.G. also stated that a sticker on the back of the Device bore the following letters and numbers: OIG023510. This number matches the OIG property number associated with the State OIG Device that K.G. registered, bearing the serial number 054937760553. I later took possession of this computer and confirmed that it is, in fact, a missing State OIG Device.

26. On September 27, 2017, State OIG issued a subpoena to eBay for records concerning the username "surface_store." Subpoena returns from eBay revealed that surface_store was the username for a virtual storefront named "The Surface Store" and that the email accounts associated with surface_store were or are used by M.C. Business records obtained from eBay

8

further revealed that surface_store sold a number of Microsoft Surface Pro computers that had specifications matching those of the missing State OIG Devices.

27. Business records obtained from eBay identified the names and email addresses of many of the buyers who purchased Microsoft Surface Pro computers from surface_store with specifications matching those of the missing State OIG Devices. Using that information, I contacted those individuals. Communications with the buyers revealed that at least four individuals (beyond K.G.) had purchased a missing State OIG Device from M.C., who was doing business under the eBay username surface_store.

    a. On October 23, 2017, I interviewed E.S. via telephone. E.S. stated that he had purchased a Microsoft Surface Pro bearing the serial number of what I confirmed is a missing State OIG Device. He purchased the device on or about September 1, 2016 for $1,515. E.S. mailed the device to State OIG on or about January 12, 2018.

    b. On October 20, 2017, I interviewed J.G via telephone. J.G. confirmed that he had purchased a Microsoft Surface Pro on or about November 21, 2016 for approximately $1,450, but did not know the device's serial number because he had taken the device to a Microsoft Store in Boston, Massachusetts for repairs, and the store kept the device after issuing him a payment under the device's warranty. According to Microsoft personnel, J.G. brought a Microsoft Surface Pro bearing the serial number of what I confirmed is a missing State OIG Device to the store on or about May 5, 2017, and the store destroyed the computer.

    c. On November 8, 2018, I interviewed C.J. C.J. stated she had purchased a Microsoft Surface Pro bearing the serial number of what I confirmed is a missing State OIG

        Device. She purchased the device on or about October 30, 2016 for $1,450. C.J. returned the device to State OIG on November 8, 2018.

    d. On October 23, 2018, I interviewed B.H. B.H. stated that he had purchased a Microsoft Surface Pro bearing the serial number of what I confirmed is a missing State OIG Device. He purchased the device on November 22, 2016 for $1,580. B.H. procured the device for a client, who provided photographs of the device that I have reviewed, including photographs that depict the serial number and State OIG property number.

28.     In addition to selling State OIG Devices to M.C., there is probable cause to believe that CHEVEERS sold a State OIG Device directly to an individual identified as K.W. Business records obtained from PayPal indicate that on November 7, 2016, CHEVEERS received a payment of approximately $1,475 from K.W. The payment was for an item sold on eBay titled "New Microsoft Surface Pro 4." I interviewed K.W. via telephone on November 29, 2018 and December 7, 2018. During these interviews, K.W. confirmed that she purchased a Microsoft Surface Pro computer on eBay with a serial number matching the serial number of a missing State OIG Device.

## CONCLUSION

29. Based on the facts set forth above, I submit that this affidavit supports probable cause for a criminal complaint and arrest warrant for ANDREW W. CHEVEERS, who from in or about July 2016 through November 2016, both dates being approximate, knowingly and willfully stole several Microsoft Surface Pro tablet devices, each having a value in excess of $1,000, from the Office of the Inspector General of the U.S. Department of State, located within the Eastern District of Virginia, in violation of Title 18, United States Code, Section 641.

Lloyd Rawls
Special Agent
Office of Inspector General
U.S. Department of State

Sworn and subscribed to before me this 16th day of January, 2019.

_____/s/_____
John F. Anderson
United States Magistrate Judge

The Honorable John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

11